**Richard W. MERRITT, Plaintiff,**

v.

**George LEWIS, John Price, Ronald Toch-terman and the Honorable Robert N. Zarick, Defendants.**

**Civ. No. S–1158.**

United States District Court,
E. D. California.

Jan. 28, 1970.

Richard M. Grossberg, Sacramento, Cal., for plaintiff.

Thomas C. Lynch, Atty. Gen., State of Cal., Sacramento, Cal., for defendants.

### MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

On January 19, 1970, this court filed its Memorandum and Order in this case denying defendants' motion to dismiss, 309 F.Supp. 1249. That Memorandum set out certain procedures constitutionally required to effect the search and seizure of films. The plaintiff has submitted an order requiring the return of his film which admittedly was seized by a procedure not in conformity with that suggested by the opinion.

Under the unique circumstances of this case I do not feel plaintiff is entitled to the order he seeks. The only

infirmity in the procedure followed by the defendants was that after the seizure, the judge did not determine from a viewing of the film whether or not it was obscene. Instead, he made a finding only as to its *probable* obscenity. I do not feel that the defendants could reasonably have anticipated the new procedure I annunciated, although as I indicated, I feel that it is the minimum consistent with existing Supreme Court opinions. Providing that the defendants now fully comply with the procedure I described, I do not think the plaintiff will be prejudiced by the earlier omission. In any event, I am convinced that the administration of justice will be best served in this case by allowing correction of the omission. *See* Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). In the event the defendants persist in refusing to comply with the requirements of my Memorandum and Order, I will order the film returned. *See* Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968).

I also want to take this opportunity to clarify the requirements of the post-seizure viewing of the film by the issuing magistrate. The purpose of the viewing is to confirm the affidavit and allow the magistrate to make a considered determination of the film's obscenity. He may make this determination on the basis of the film alone; he need not hear testimony or arguments. The only purpose for the presence of the exhibitor and counsel is to insure that the film viewed is the same as that described in the affidavit and seized pursuant to the warrant.

It is therefore ordered that the District Attorney of the County of Sacramento, State of California, return to plaintiff or his duly authorized agent, that certain movie film entitled "The House Near the Prado" presently in his possession unless he shall forthwith submit said film to Judge Robert Zarick for a determination of the film's obscenity in accordance with my Memorandum and Order filed January 19, 1970.